**INDUSTRIAL PRODUCTS MFG. CO. v. JEWETT LUMBER CO.**

No. 14437.

United States Court of Appeals
Eighth Circuit.

Jan. 15, 1952.

Howard L. Bump, Des Moines, Iowa (Charles M. Bump, Des Moines, Iowa, and Elmer E. Hall, Kansas City, Mo., were with him on the brief), for appellant.

Don E. Neiman, Des Moines, Iowa (John H. Neiman, Des Moines, Iowa, was with him on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought in the federal court in Iowa by Industrial Products Manufacturing Company, a Missouri corporation, against Jewett Lumber Company, an Iowa corporation, to recover from the Lumber Company the agreed purchase price (exceeding $3,000) of a bill of goods produced and shipped by the plaintiff to the defendant upon the written order of the defendant. The goods were received within reasonable time, they conformed to the order given for them, and no part of the purchase price has been paid. The case has been tried twice in the District court and this is the second appeal to this court, our decision on the first appeal being reported at 185 F.2d 866, 870. On the first trial in the District Court the court directed a verdict for the defendant on the ground that the evidence showed that there had been no meeting of minds of the parties and hence no contract for the purchase and sale of the goods in that there was discrepancy between the offer to buy and the acceptance. But on appeal from the judgment of dismissal entered pursuant to the directed verdict, this court held that there was no such discrepancy. We held, "The defendant's offer to plaintiff was open to only one reasonable interpretation by plaintiff. It was accepted upon that interpretation and performed by plaintiff", and we reversed the judgment. We could not order judgment for plaintiff because the plaintiff had not moved the trial court to enter such a judgment.

After the entry of the mandate in the District Court the defendant by leave of court amended its answer in the case by alleging that "in securing the alteration of the order [for the goods] so that it

might be billed direct to the defendant, J. Bernard Hagan was acting as the agent of the plaintiff", and on the second trial the court submitted to the jury the issue of such agency permitting a verdict for defendant if the jury found on the issue in favor of defendant. The jury's verdict was for defendant and the plaintiff appeals from the consequent judgment of dismissal.

The record shows substantially the same evidence as was considered on the first appeal. The same witnesses told the same story. The contention was argued before us on the first appeal that J. Bernard Hagan had acted in the transaction as the agent of the Industrial Company and we said, "We find no evidence to support it". We repeat the same conclusion here.

The evidence was clear and uncontradicted on both trials that Hagan was the managing officer and representative of the Elaterite Company. In that capacity he induced the Lumber Company to order the goods from Elaterite and attempted to induce the Industrial Company to supply them to Elaterite. On the refusal of the Industrial Company to sell the bill of goods to Elaterite, he induced the Lumber Company to give its order directly to Industrial. But the evidence affords no more ground to find him the agent of Industrial than to find him the agent of the Lumber Company. It is true Industrial wanted to sell and hoped for profit. But it is equally true that Jewett wanted to buy and hoped for profit. Hagan was not the agent of either. He acted on his own to persuade one to sell and the other to buy at a price estimated about 25% above the price quoted by the Industrial Company to Elaterite. There was no scintilla of evidence of fraud or collusion on the part of the plaintiff. In perfect good faith it accepted the Lumber Company's order for the goods, filled the order according to its terms and became entitled to the purchase price agreed upon.

On this trial the plaintiff moved for directed verdict in its favor at the conclusion of all the evidence and afterwards moved within time for judgment notwithstanding the verdict. The court erred in denying the motions. The judgment is reversed with direction to enter judgment for plaintiff for the purchase price of the goods with interest and costs.

Reversed with direction.